# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPENCER MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00503-JPG |
| | ) |
| DR. SIDDIQUI, | ) |
| NURSE PRACTITIONER | ) |
| ZIMMERMAN and | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Spencer Martin, an inmate in the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for alleged violations of his constitutional rights by persons acting under the color of state law under 28 U.S.C. § 1983 in connection with alleged deliberate indifference to his medical condition. He seeks monetary relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

1

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff complained about ongoing shoulder and neck pain to Dr. Siddiqui, a doctor at Menard, in June 2017. (*Id.*, p. 7). He was prescribed ibuprofen. (*Id.*). Over the course of several months, he informed Siddiqui and Nurse Practitioner Zimmerman that he was continuing to have pain, that it was interfering with his daily activities, and that the ibuprofen was ineffective. (*Id.*). In June 2018, Siddiqui prescribed Voltaren, which was similarly ineffective. (*Id.*). Siddiqui informed him there was nothing further to be done. (*Id.*). Additionally, Siddiqui and Zimmerman refused to recommend him for a front-cuff permit despite his condition. (*Id.*, p. 8).

Plaintiff later was sent for a series of MRIs by another doctor beginning in October 2018. (*Id.*). Both Siddqui and Zimmerman subsequently told Plaintiff he would require surgery, but "still prescribed nothing for [Plaintiff's] pain." (*Id.,* p. 9). On May 4, 2019, Plaintiff was told by Zimmerman that he was being scheduled for surgery. (*Id.*).

Essentially, Plaintiff claims that Siddiqui and Zimmerman delayed effective treatment of his neck and shoulder pain, persisting with treatments that they knew were ineffective. Plaintiff further alleges that the delay in treatment was part of a "pattern and practice" of delaying needed surgeries to Menard inmates in order to "achieve Wexford's cost cutting measures." (*Id.*, p. 11).

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into a single Count:

> **Count 1:** **Eighth Amendment claim for deliberate indifference to a serious medical condition against Defendants**

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is**

**mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under _Twombly_.**[1]

### Discussion

### Count 1

Plaintiff's first claims fall under the general umbrella of deliberate indifference to a serious medical need. The Supreme Court has recognized that deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Carlson v. Green*, 446 U.S. 14 (1980). To prevail on a claim for deliberate indifference to a serious medical need, there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). First, the plaintiff must demonstrate he suffered from an objectively serious medical condition. *Id.* at 591-92. Second, the plaintiff must establish the individual prison officials were deliberately indifferent to that condition. *Id.*

Plaintiff's medical condition was diagnosed by a physician as requiring surgical treatment and are therefore sufficiently serious to support a claim. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (defining serious medical need to include those conditions that have been diagnosed by a physician as mandating treatment or are so obvious that a lay person would recognize the need for treatment).

The fact that Siddiqui and Zimmerman prescribed drugs for Plaintiff's pain does not in itself doom Plaintiff's claim. A medical professional's actions may reflect deliberate indifference if he "chooses an easier and less efficacious treatment without exercising professional judgment or simply continues with a course of treatment that he knows is ineffective in treating the inmate's

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (citations and quotations omitted). Here, Plaintiff has pled that Siddiqui and Zimmerman continued to try and treat Plaintiff's pain medically after acknowledging that surgery was required. As such, he has adequately stated a claim for deliberate indifference to a medical need against them.

Plaintiff has also adequately stated a claim against Wexford. Normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016). Plaintiff alleges that the delays in effective treatment were part of a widespread policy or practice to help meet Wexford's cost-cutting goals. Drawing all reasonable inferences in Plaintiff's favor, this is adequate to state a claim that the delay in effective treatments were part of a Wexford policy or custom.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to

appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff states he has sent letters seeking representation to at least five firms and has not received any responses. (Doc. 3, p. 1). He has therefore met the first step of the test.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F. 3d at 655. In this case, Plaintiff's claims do not appear to be that factually complex—he was in significant pain for a condition which eventually was deemed to require surgery, and there was a delay in treatment. Although this may require a medical witness later in the case, the facts and claim are not outside Plaintiff's abilities to articulate at this stage. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition adequately articulates his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Plaintiff states that he suffers from an unspecified "mental health disease," but does not allege that it impairs his ability to reason or understand his case. Plaintiff also alleges that his condition makes it painful to write for long periods of time, but he appears to have been able to draft his Complaint and Motion well, and the Court will be sensitive to Plaintiff's requests for additional time to file responses if his condition limits his endurance. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of

counsel will be **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **Siddiqui, Zimmerman** and **Wexford.**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED.**

The Clerk of Court shall prepare for Defendants Siddiqui, Zimmerman and Wexford.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant**

to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/24/2019**

                                                                            s/J. Phil Gilbert
                                                                            **J. PHIL GILBERT**
                                                                            **United States District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60**

**days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.